## HENRY BARKER *vs.* PATRICK RYAN & others.

A bail-bond which provides that the debtor shall surrender himself at the expiration of ninety days is valid, either as a statute bond or at common law.

Since *St.* 1857, *c.* 141, a discharge of a poor debtor upon proceedings before two justices of the peace and of the quorum, under the forms prescribed in the Rev. Sts. *c.* 98, is invalid.

CONTRACT on a bail-bond which provided that if the defendant Ryan, who was imprisoned on an execution in favor of the plaintiff, should at the expiration of ninety days from the day of his commitment surrender himself, &c., the bond should be void. The bond was executed April 23 1857; and on the 8th of July following Ryan received a certificate of discharge from imprisonment, signed by two justices of the peace and of the quorum, upon proceedings instituted by him on the 25th day of June for taking the poor debtors' oath. The facts were agreed.

*N. W. Harmon,* for the plaintiff.

*B. F. Watson,* for the defendants, cited Rev. Sts. *c.* 97, § 63; *St.* 1857, *c.* 141, approved May 13, 1857; *Green* v. *Wilbur,* 10 Cush. 439; *Collins* v. *Douglass,* 1 Gray, 167; *Davis* v. *Putnam,* 5 Gray, 321; *Simpson* v. *Bowker,* 11 Cush. 306; *Butler* v. *Fairbanks,* 4 Gray, 531; *Hart* v. *Adams,* 7 Gray, 581; *Collamore* v *Fernald,* 3 Gray, 318.

DEWEY, J. We perceive no legal objection to the form of this bond, treating it merely as a statute bond. If it were not in the precise form of the bond required by the statute, yet it would be good at common law, being a bond to a creditor, and not a bond to an officer, whose power to take a bond to himself is to be strictly construed.

The further inquiry is, whether there has been a breach of the condition of the bond. That depends upon the question whether the principal in the bond was duly discharged from liability to imprisonment by taking the poor debtors' oath before a proper tribunal.

It is conceded that the proceedings in relation to the discharge were commenced after the act of 1857, *c.* 141, took effect and must therefore be in conformity to its provisions.

Barker *v.* Ryan & others.

The provisions of Rev. Sts. *c.* 98, were essentially changed by virtue of the *St.* 1855, *c.* 444, and *St.* 1857, *c.* 141. By the latter statute the proceedings for the discharge of a poor debtor from imprisonment are to be before some "justice of a court of record, police court, judge of probate, master in chancery, or commissioner of insolvency ; or, if no such magistrate can be conveniently found, any justice of the peace and of the quorum."

This statute, by its provisions, has thus created the tribunal who were to exercise jurisdiction as respects the discharge of poor debtors taken on mesne process or execution.

Was the administration of the oath and giving the discharge in conformity to these provisions ?

We think clearly not. The proceedings were obviously under the Rev. Sts. *c.* 98, and, had those statutes been in force, would have been well authorized. The jurisdiction was assumed by two justices of the peace and of the quorum, acting jointly in the matter, and administering the oath and giving the discharge as a joint tribunal ; and also adopting the form of certificate prescribed by the Rev. Sts. *c.* 98, § 10 ; a form not materially different, but enough so to indicate, with the other facts, that they were acting under the provisions of the Rev. Sts. *c.* 98, and not under *St.* 1857, *c.* 141.

In the view we have taken of this case, it is not necessary to give any opinion upon the question whether a certificate of the taking of the oath by a poor debtor, signed by a single justice of the peace and of the quorum, acting under the *St.* 1857, *c.* 141, must on the face of it show that none of the other magistrates named in the statute as proper persons to act could be conveniently found, in order to give jurisdiction to a justice of the peace and of the quorum, and effect to his discharge.

As these proceedings were not in conformity with the *St.* 1857, *c.* 141, but manifestly were wholly under the Rev. Sts. *c.* 98, it must be held that the same were *coram non judice,* and so invalid as a discharge of the debtor.

*Judgment for the plaintiff.*